UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID AARON GOODWILL,

        Petitioner,                                  Case No.  1:10-CV-821

v.                                              HON. ROBERT J. JONKER

CARMEN PALMER,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, David Goodwill, has filed an Objection (docket #26) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued August 30, 2013 (docket #25). The Report and Recommendation recommends that this Court deny Goodwill's habeas corpus petition. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Goodwill's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

### I.  Factual Background

Following a jury trial, Goodwill was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), for the death of Jason Fontenot. (*People v. Goodwill*, No. 275244,

docket #17, at 1.) The disputed issue at trial was whether Goodwill acted in self-defense. (*Id.*) The trial court sentenced Goodwill to a life sentence. (Sentencing Tr., docket #16, at 5.)

## II. Goodwill's Objections

Goodwill presents five objections. He argues that the magistrate judge erred in concluding that (1) Goodwill's trial did not violate the Confrontation Clause of the Sixth Amendment or his right to present a defense, (2) the trial court's admission of a knife did not violate his due process right to a fair trial, (3) the trial court's admission of opinion testimony regarding Goodwill's guilt did not violate his due process right to a fair trial, (4) there was sufficient evidence for conviction, and (5) Goodwill's trial counsel did not render constitutionally ineffective assistance.

### A.    Confrontation Clause and Presentation of a Defense (Issue I)

First, Goodwill argues that the magistrate judge erred in concluding that Goodwill's trial neither violated his Confrontation Clause rights nor his right to present a defense. Goodwill contends that the trial court denied him the right to confront witnesses and present a defense when it refused to admit the testimony of Elizabeth Parish. In the Report and Recommendation, the magistrate judge noted that the state court addressed Goodwill's argument as a state law evidentiary issue, but not a federal constitutional issue. (Docket #25, Page ID 261.) The Michigan Court of Appeals observed that the trial court took Parish's testimony outside the presence of the jury but determined that the testimony was of questionable value to either side and excluded the evidence as being more prejudicial than probative. (*Goodwill*, No. 275244, docket #17, at 1–2.) Defense counsel did not object to its exclusion. (*Id.*; Trial Tr. III, docket #14, at 671–72.) The Court of Appeals rejected Goodwill's argument on a state law evidentiary basis because (1) although defense counsel had several opportunities to request that references to "Liz" (Parish) be omitted from

2

Goodwill's taped statement, defense counsel never requested omission; (2) any attempt to use Parish's relationships with the victim and Goodwill as a possible motive for killing the victim was introduced into the trial by Goodwill, not the prosecution; and (3) the jury is presumed to have followed the trial court's instruction that any testimony by Parish had been ruled irrelevant and the jury should decide the case based only on the relevant, admissible evidence. (*Goodwill*, No. 275244, docket #17, at 1–2.)

The magistrate judge then addressed Goodwill's argument as a federal constitutional challenge on two grounds: the Confrontation Clause and the right to present a defense. "[E]ven relevant evidence may constitutionally be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Alley v. Bell*, 307 F.3d 380, 396 (6th Cir. 2002). The magistrate judge concluded that the state court's application of the Michigan Rules of Evidence did not violate Goodwill's constitutional rights because Goodwill's case is not one in which "the state court applied an arbitrary, mechanistic, per se, or disproportionate rule that would have been contrary to clearly established Supreme Court case law." (Report and Recommendation, docket #26, Page ID 263 (citing *Alley*, 307 F.3d at 396) (internal quotation marks omitted).) Rather, "the state court excluded evidence after it weighed the value of the evidence against its potential for confusion and unreliability." (*Id.* (citing *Alley*, 307 F.3d at 396) (internal quotation marks omitted).)

Goodwill now objects that questions of credibility and reliability are issues for the jury to decide, citing *Crane v. Kentucky*, 476 U.S. 683, 688 (1986). In *Crane*, the United States Supreme Court held that a defendant was denied a fair trial where the trial court excluded testimony relevant to the voluntariness of a defendant's confession. 476 U.S. at 691. Specifically, the Court observed

3

that evidence about the manner in which a confession was obtained is often "especially relevant" to a confession's reliability and credibility, particularly where the defense was that there was no physical evidence to link the defendant to the crime and that the defendant's earlier admission of guilt was not to be believed. *Id.* In this case, however, the trial court's exclusion of Parish's testimony does not violate the precepts of *Crane*. The trial court excluded Parish's evidence as more prejudicial than probative and because Parish's answers were minimally relevant and equivocal, not because Parish lacked credibility as a witness. (Trial Tr., docket #14, at 671–72.) Therefore, the Court will overrule Goodwill's objection regarding Issue I.

### B.    Admission of the Knife (Issue II)

Second, Goodwill objects to the magistrate judge's conclusion that Goodwill's claim that a knife, the suspected murder weapon, was wrongly admitted into evidence is not cognizable on federal habeas review. In his Report and Recommendation, the magistrate judge observed that the Michigan Court of Appeals addressed Goodwill's argument as a state law evidentiary issue, not a federal constitutional issue. After reviewing the Court of Appeals's reasoning for affirming the trial court, the magistrate judge addressed the constitutional argument. (Docket #25, Page ID 265.) "In general, alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012). "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceedings so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). "To show a due process violation under the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] rooted in an evidentiary ruling, this court has typically required

4

a Supreme Court case establishing a due process right with regard to that specific kind of evidence." *Moreland*, 699 F.3d at 923.

In objection, Goodwill argues that the Supreme Court case *Chambers v. Mississippi*, 410 U.S. 284, 289–90 (1973), is sufficient precedent to establish a due process right with respect to admission of a knife. Although *Chambers* establishes that the rights to confront and cross-examine witnesses are essential to due process, *id.* at 294–95, it does not address when the admission of physical evidence violates due process. Moreover, as his first objection, Goodwill's case is not one in which the state court applied an "arbitrary, mechanistic, per se, or disproportionate" rule that would have been contrary to clearly established Supreme Court case law. *See Alley*, 307 F.3d at 396. Rather, as the Court of Appeals noted on direct appeal, it was up to the jury to decide how much weight to give the knife, which was not necessary to place Goodwill at the scene of the crime nor prove his involvement—he had admitted such and his claim was one of self-defense—nor was the existence of the knife inconsistent with self-defense. (*Goodwill*, No. 275244, docket #17, at 3.) The Court agrees that admission of the knife at Goodwill's trial did not violate Goodwill's due process right to a fair trial.

### C.      Opinion Testimony (Issue III)

Third, Goodwill objects that he was denied a fair trial because the trial court admitted opinion testimony from a forensic pathologist regarding whether Goodwill acted in self-defense. At issue is the forensic pathologist's testimony about whether the wounds on Goodwill's hands were more likely offensive or defensive wounds. The magistrate judge concluded that Goodwill's evidentiary argument was not cognizable on habeas relief absent Supreme Court precedent "establishing a due process right with regard to that specific kind of evidence." *Moreland*, 699 F.3d at 923. Goodwill

5

now concedes that there is no clearly established Supreme Court precedent on whether a forensic pathologist can give opinion evidence regarding offensive or defensive wounds. (Objection, docket #26, Page ID 286.) However, Goodwill argues that his case "would be a good test case" to establish this issue. (*Id.*) The AEDPA limits this Court on habeas review to granting habeas writs where the adjudication of a petitioner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This "highly deferential standard," *Renico v. Lett*, 559 U.S. 766, 773 (2010), thus prohibits this Court from granting Goodwill's requested relief.

**D.    Sufficiency of the Evidence (Issue V)**

Fourth, Goodwill objects that the magistrate judge erred in finding that there was sufficient evidence to support Goodwill's conviction. In support of his objection, Goodwill lists evidence supporting his self-defense theory. (Objection, docket #26, Page ID 287–90.) Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." However, Goodwill's arguments present only one narrative of the evidence, an account in the light most favorable to Goodwill's theory of self-defense, not the prosecution's theory. Thus, Goodwill's argument is without merit and the Court will overrule his objections.

**E.    Ineffective Assistance of Counsel (Issue VI)**

Finally, Goodwill objects to the magistrate judge's conclusion that Goodwill has failed to establish that his counsel rendered ineffective assistance of counsel. Goodwill presents two reasons

6

his counsel was ineffective: he failed to move for a change of venue and failed to call an expert witness.

### 1.    Change of Venue

The magistrate judge concluded that Goodwill had failed to demonstrate either actual or presumed prejudice due to pretrial publicity. Goodwill's prejudice argument is based on his speculation that his jury was biased. However, Goodwill has not offered any evidence of actual prejudice or media coverage to support presumptive prejudice. On objection, Goodwill merely restates the case law supporting presumed prejudice. Absent some proof of prejudice, Goodwill's counsel was not ineffective for failing to move for a change of venue.

### 2.    Expert Witness

At issue in this objection is defense counsel's decision not to call an expert witness to rebut the testimony of Dr. Start, the pathologist called by the prosecution. Defense counsel addressed this issue before the trial court:

> Before the jury comes out, Your Honor, I just want to make a record. I know I filed a witness list including an expert witness, Dr. Mihalakis, and just so the record is clear, the Court off the record during one of our discussions last week, indicated that it would allow me to call Dr. Mihalakis but ultimately I concluded that there would not be any need to call him, number one, I wanted to save the family money, and, number two, based upon my discussions, Dr. Mihalakis is basically consistent with what Dr. Start said, so I just wanted to make it clear because there was a motion filed by the Prosecution to strike my witnesses.

(Trial Tr. II, docket #13, at 394.) Counsel further explained that it "was a strategy decision" because it would be "redundant" to introduce Dr. Mihalakis's testimony. (*Id.*) Based on the record, the magistrate judge concluded that counsel's strategy was to undercut Dr. Start's testimony regarding Goodwill's wounds by having Dr. Start admit that some of the wounds could have been defensive,

not offensive.  (Docket #25, Page ID 274.)  Defense counsel obtained that admission during cross-examination.  (Trial Tr. II, docket #13, at 427.)

Goodwill now objects that aspects of Mihalakis's testimony may have supported his self-defense theory.  (Objection, docket #26, Page ID 291.)  The Court finds that Goodwill has merely restated his prior argument without offering any substantive objection to the magistrate judge's analysis for recommending that the Court deny Goodwill habeas relief on the basis of this argument.  Goodwill has not presented any argument to overcome the "strong presumption" that trial counsel's reliance on Dr. Start's concession and decision not to introduce redundant expert testimony "falls within the wide range of reasonable professional assistance."  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Therefore, Goodwill is not entitled to habeas relief on the basis of this argument.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right."  *Id.*  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Goodwill's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

8

or wrong."  529 U.S. at 484.  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Goodwill's claims was debatable or wrong.  Thus, the Court will deny Goodwill a certificate of appealability.

Therefore, the Court will adopt the recommendation of the Report and Recommendation. A separate judgment will issue.


Dated:  September 30, 2013                          _____/s/ Robert J. Jonker_____
                                                                        ROBERT J. JONKER
                                                                   UNITED STATES DISTRICT JUDGE

9